**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| VON VERA CRUZ, #03052183, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:05-CV-2291-K |
| | ) | ECF |
| DR. JAMES HOLBROOK, et al., | ) | |
|     Defendants. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, the subject cause has been referred to the United States Magistrate Judge.  The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

    Type of Case:  This is a civil rights complaint brought by a county inmate pursuant to 42 U.S.C. § 1983.

    Parties:  Plaintiff was recently transferred to the Texas Department of Criminal Justice -- Correctional Institutions Division.  At the time of filing this action, he was incarcerated at the Dallas County Jail in Dallas, Texas.  Defendants are Dr. James Holbrook, Dr. Kathryn Flangin, and the University of Texas Medical Branch (UTMB).  The Court did not issue process in this case, pending preliminary screening.  On December 12, 2005, and on February 9, 2006, the Court issued an original and a supplemental questionnaire to Plaintiff, who filed his answers on December 21, 2005, and February 21, 2006, respectively.

    Statement of Case:  On November 21, 2005, Plaintiff filed this action on the civil rights

complaint form.  The Court immediately notified Plaintiff that paragraph V of the complaint form – i.e., the statement of the claim – was blank and, thus, that his complaint failed to comply with Fed. R. Civ. P. 8(a).  (See November 28, 2005 Notice of Deficiency and Order).  On December 7, 2005, Plaintiff filed an amended complaint which again left paragraph V of the complaint form blank.  The Court thereafter issued an original and a supplemental questionnaire requesting Plaintiff to specify all acts or omissions committed by each of the Defendants named in the complaint.  In answer to the original questionnaire, Plaintiff asserts the Defendants denied him adequate medical care for serious injuries to his right elbow, left shoulder, neck and back between July 10, 2003, until December 13, 2005.  (Answer to Questions 3, 4 and 5).  In answer to the supplemental questionnaire, Plaintiff specifies that on June 13, 2005, Dr. Holbrook informed him that his "neck dic [sic] were injured all the time he was my Dr. from March 8, 2004, to February 6, 2006."  (Answer to Supplemental Question 1).  Regarding Dr. Kathryn Flangin and her alleged denial of medical care, the supplemental questionnaire alleges that "her department was fully aware of my left shoulder, my right elbow, [and] . . . my back."  (Answer to Supplemental Question 4).  Plaintiff requests compensation for his "pain and suffering and loss of employment due to injuries."  (Amended Complaint, filed on Dec. 7, 2005, at 4).

Plaintiff's allegations in this case stem from a slip and fall injury at the Dallas County Jail on October 24, 2003, while Plaintiff was a pre-trial detainee.  On March 8, 2004, Plaintiff filed an action in this Court complaining about the denial of medical care from this slip and fall injury.  See Vera Cruz v. Bowles, et al., 3:04cv0486-AH (N.D. Tex., Dallas, Div.).  He named as Defendants former Dallas County Sheriff Jim Bowles, the Dallas County Sheriff Department, Dr. K. Flanlin, and Dr. James Holbrook, and alleged that while confined as a pretrial detainee at

2

the Dallas County Jail on October 24, 2003, he fell and fractured his shoulder and elbow and injured his back and that Defendants failed to provide medical care for his injuries. On June 24, 2004, the District Court adopted the Magistrate Judge's findings and recommendation, and dismissed with prejudice as frivolous Plaintiff's claims against Sheriff Bowles, Dr. Flanlin, and the Dallas County Sheriff Department. Following service of process and a transfer of the case to the Magistrate Judge in accordance with 28 U.S.C. § 636(c), the Court granted Dr. Holbrook's motion for summary judgment and entered judgment against Plaintiff. See Memorandum Opinion and Order and Judgment filed on July 18, 2005. Plaintiff did not appeal.

Findings and Conclusions:  The Court has permitted Plaintiff to proceed *in forma pauperis* (IFP). His complaint is, thus, subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court. Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

28 U.S.C. § 1915A(a) and (b) (emphasis added). See also 28 U.S.C. § 1915(e)(2)(B).[1]

Sections 1915A(b), 1915(e)(2)(B), and 1997e(c) provide for *sua sponte* dismissal if the

---

[1] 42 U.S.C. § 1997e(c)(1) also provides that "[t]he court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief."

3

Court finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Before reaching the merits of Plaintiff's claims, the Court must determine whether he has exhausted his administrative remedies. Administrative exhaustion under 42 U.S.C. § 1997e(a) is mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002); Booth v. Churner, 532 U.S. 731, 741 (2001); Johnson v. Johnson, 385 F.3d 503, 515 (5th Cir. 2004); Days v. Johnson, 322 F.3d 863, 866 (5th Cir.2003). Section 1997e(a) specifically provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The Fifth Circuit Court of Appeals has construed § 1997e(a) to require "that administrative remedies be exhausted *before* the filing of a § 1983 suit." Wendell v. Asher, 162 F.3d 887, 890 (5th Cir. 1998) (emphasis added).

Plaintiff cannot show that he exhausted his administrative remedies with respect to the June 13, 2005 visit by Dr. Holbrook. All of the grievances submitted along with his answers to the supplemental questionnaire relate to incidents which pre-dated June 13, 2005.

Nor can Plaintiff show that he exhausted his administrative remedies with respect to his general claims of denial of medical care by Dr. Flangin and her department. It appears that in 2004, he submitted general grievances complaining about the pain in his shoulder, elbow and back. (See grievances submitted along with his answers to the supplemental questionnaire). Besides these general grievances, however, Plaintiff fails to provide any details as to the disposition and date of disposition of each grievance by the Inmate Grievance Board. (Answer

4

to Question 5 of the supplemental questionnaire).  He also fails to state whether he submitted a written appeal to the Inmate Grievance Appeal Board, and the disposition and date of disposition by the Inmate Grievance Appeal Board.  (Id.).

Plaintiff has not raised any valid excuse for failing to exhaust his available administrative remedies before filing the complaint in this case.  In light of the statutory mandate of § 1997e(a), the District Court should dismiss Plaintiff's complaint for failure to exhaust administrative remedies.

Alternatively, the District Court should dismiss Plaintiff's complaint with prejudice as frivolous.  To state a colorable claim for denial of medical care under the Eighth Amendment, convicted inmates must allege acts or omissions "sufficiently harmful to evidence a deliberate indifference to serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L. Ed. 2d 251 (1976); Norton v. Dimazana, 122 F.3d 286, 291 (5th Cir. 1997).  "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind."  Norton, 122 F.3d at 291.  It occurs when a prison official subjectively knows of and disregards a substantial risk to the inmate's health or safety.  Farmer v. Brennan, 511 U.S. 825, 837-840, 114 S. Ct. 1970, 1979-80, 128 L. E d.2d 811 (1994).  Under the Due Process Clause of the Fourteenth Amendment, the same standard applies to pretrial detainees who complain of episodic acts or omissions resulting in the denial of medical care.  Mace v. City of Palestine, 333 F.3d 621, 625-26 (5th Cir. 2003); Olabisiomotosho v. City of Houston, 185 F.3d 521, 526 (5th Cir. 1999); Hare v. City of Corinth, 74 F.3d 633, 650 (5th Cir. 1996).

Plaintiff's allegations, even when liberally construed in accordance with his pro se status, fail to allege facts showing deliberate indifference to a serious medical need.  Plaintiff merely

5

alleges that on June 13, 2005, Dr. Holbrook conceded that Plaintiff's neck disc had been injured all along. This statement is insufficient to allege deliberate indifference to a serious medical need. Similarly, Plaintiff has alleged no facts on which this Court could possibly base a claim of deliberate indifference by Dr. Flangin.

In addition to Dr. Holbrook and Dr. Flangin, Plaintiff seeks to sue UTMB, the provider of medical services while he was incarcerated at the Dallas County Jail. UTMB is an agency of the State of Texas. See Sampson v. United States, 73 Fed.Appx. 48, 49, 2003 WL 21919906, *1 (5th Cir. 2003) (unpublished per curiam); O'Rourke v. United States, 298 F.Supp.2d 531, 535-536 (E.D.Tex. 2004); Broughton v. Bowles, et al., 3:04cv1310-L (N.D. Tex., Dallas Div., Dec. 30, 2004) (adopting findings, conclusions and recommendation of the magistrate judge). As such, it is immune to suit in federal court under the Eleventh Amendment of the United States Constitution. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 66, 109 S.Ct. 2304, 2309-10, 105 L.Ed.2d 45 (1989).

RECOMMENDATION:

For the foregoing reasons, it is recommended that the complaint be dismissed for failure to exhaust administrative remedies. See 42 U.S.C. § 1997e(a).

Alternatively, it is recommended that the complaint be dismissed with prejudice as frivolous as to Defendants Dr. Holbrook and Dr. Flangin, and that the complaint be dismissed for seeking relief from a Defendant who is immune from such relief as to Defendant UTMB. See

28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i), and 42 U.S.C. § 1997e(c)(1).

A copy of this recommendation will be mailed to Plaintiff.

Signed this 11th day of April, 2006.

                                    WM. F. SANDERSON, JR.
                                    UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.